IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREN JOSEPH FISHER, )<br>  )<br>     Petitioner, )<br>  )<br>     v. )<br>  )<br>HONORABLE NEIL FLORES, et al., )<br>  )<br>     Respondents. )<br>_____ ) | CIV 06-02815 PHX ROS MEA<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE ROSLYN O. SILVER:**

On November 22, 2006, Petitioner, through counsel, filed a petition seeking his release from the custody of the Colorado River Indian Tribes. On January 3, 2007, Respondents filed a response ("Response") to the petition. See Docket No. 13. On January 14, 2007, Petitioner filed a traverse to the response. See Docket No. 18 ("Reply"). Additionally, before the Court are Respondents' motion for judgment on the pleadings, filed January 19, 2007, and Petitioner's motion to dismiss this action, also filed January 19, 2007. See Docket No. 20 & Docket No. 21 & Docket No. 22.[1] Respondents oppose the motion to dismiss. See Docket No. 24 & Docket No. 25. Petitioner has not responded to the motion for judgment on the pleadings.

---

[1] The Court notes this matter was initially assigned to Judge Sedwick and was reassigned to Judge Campbell, who recused himself from the matter on January 22, 2007.

**Procedural history**

On August 27, 2006, Petitioner, was arrested by the Colorado River Indian Tribes ("CRIT"), a federally-recognized Native American nation. Petition at 2. Petitioner, an enrolled member of the CRIT, was arraigned by the tribal court on August 28, 2006, and ordered held without bail. Id. at 3; Response, Exh. G. A hearing by the tribal court was conducted on September 6, 2006, at which time Petitioner was ordered held pending his trial without bail. See Petition. On October 12, 2006, the tribal court denied Petitioner's request for release on bond. Id. at 4. On November 20, 2006, at a hearing before the tribal court, Petitioner's counsel moved the tribal court to set bail. Id. Petitioner's motion for bail was denied. Id.

On November 22, 2006, Petitioner, through counsel, filed a motion in federal court seeking a writ of habeas corpus ordering his release from his detention by the CRIT.[2] Respondents assert Petitioner was released from custody on his own recognizance on December 27, 2006. Response at 2 & Exh. A. Respondents further allege Petitioner was not entitled to bail and that Petitioner was properly denied bail. Id. at 2. Respondents contend the petition is moot because the relief requested in the petition has been effectuated by the tribal

---

[2] The prayer for relief stated in the petition states:
[P]etitioner prays that the court grant Petitioner [] relief from cruel and unusual punishment through the denial fo the right to bail under the Indian Civil Rights Act, 25 U.S.C. § 1302(7) and 1303; Tribal Constitution; Tribal Code; and the Rules of Criminal Procedure for the Tribal Court; and to set Petitioner [] free pending the proceedings in the Tribal Court.

-2-

court.  Id. at 3.³

Petitioner filed a reply to the response on January 13, 2007, acknowledging Petitioner had been released from custody. Reply at 2. Petitioner noted the tribal government's January 8, 2007, motion to dismiss the charges against him without prejudice had been granted.  Id.  In the reply Petitioner further asserts he was not a flight risk, that the tribal court should have set bond if he were a flight risk, that he "suffered under a pretrial detention," and that he was subject to release conditions "from December 27, 2006 forward," and that a hearing will be held in the future to determine if the tribal charges against him may be dismissed with prejudice.  Id.  Petitioner states "a viable claim existed until the matter was dismissed releasing [Petitioner] from all release conditions on January 8, 2007."  Id.  Petitioner averred: "Petitioner deems the matter of [his] Petition for Writ of Habeas Corpus moot as of January 8, 2007. However, Counsel does request any relief this court deems just in bringing this action; [and] the costs and legal fees associated with this petition..."  Id.

**Analysis**

The Court has subject matter jurisdiction over a petition for federal habeas relief seeking the petitioner's release from the detention of a Native American tribal government, pursuant to 28 U.S.C. § 2241 and 25 U.S.C. § 1303.

---

³ Respondents also correctly argue Respondents Eric Shepard and Geoffrey Helfer never had custody of Petitioner and, therefore, are not appropriate respondents.  See, e.g., Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004).  Respondents further asked the Court to award them the costs of suit.  Response at 4.

-3-

Section 2241 confers on the United States District Courts the power to grant a writ of habeas corpus to individuals "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2006). The Indian Civil Rights Act ("ICRA"), codified at 25 U.S.C. §§ 1301-1303, provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303 (2001 & Supp. 2006). See also Settler v. Lameer, 419 F.2d 1311, 1312 (9th Cir. 1969).

The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

Therefore, because the only relief sought by Petitioner was his release from detention and Petitioner has been released from detention, as acknowledged by Petitioner, the petition is moot. See id., 930 F.2d at 775; Burnett v. Lampert, 432 F.3d 996, 1001 (9th Cir. 2005); Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002); Riley v. INS, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that a petitioner's release moots their habeas petition challenging the legality of extended

detention); Watson v. INS, 271 F. Supp. 2d 838, 840 (E.D. Va. 2003); Camara v. Comfort, 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002). Cf. Spencer v. Kemna, 523 U.S. 1, 8-16, 118 S. Ct. 978, 983-87 (1988) (finding moot a habeas petition challenging parole revocation procedures after the petitioner was released from prison); Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988) (holding that a section 2241 petition becomes moot once the petitioner, seeking release from parole rather than challenging the validity of his original conviction, is released from parole).

**Conclusion**

The petition for federal habeas relief, which seeks as legitimate relief only Petitioner's release from custody, is now moot because Petitioner was released from custody on December 27, 2006. Accordingly, the petition must be denied and dismissed with prejudice. Because the relief sought may not be awarded by the Court, the motions to dismiss this matter on the pleadings and Petitioner's "motion" to dismiss the petition should be denied as moot. To the extent counsel for either party seeks an award of fees, and to the extent Petitioner's counsel suggests the Court convert this matter, *sua sponte*, into a section 1983 action, this relief should be denied.

**IT IS THEREFORE RECOMMENDED** that Mr. Fisher's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of

appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 25th day of January, 2007.

_____
Mark E. Aspey
United States Magistrate Judge